IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTIN GLOVER, | No. 3:14-CV-01800 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| MARK CAPOZZA, | |
| Respondent. | |

# MEMORANDUM OPINION AND ORDER

### MAY 18, 2022

Petitioner Justin Glover returns to this Court, once again seeking to challenge his 2008 state-court conviction and sentence of life imprisonment for homicide and related offenses. This time, Glover has filed both a *pro se* motion under Federal Rule of Civil Procedure 60(b)(6) claiming "actual innocence"[1] as well as a counseled "supplemental" petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] Glover cannot satisfy Rule 60(b)(6)'s demanding requirements and the Court has no jurisdiction to consider his second or successive Section 2254 petition. Accordingly, the Court will deny relief on Glover's Rule 60(b)(6) motion and dismiss without prejudice his supplemental habeas petition for lack of subject matter jurisdiction.

---

[1]   Doc. 66.
[2]   Doc. 68.

Glover's original Section 2254 petition was denied on August 1, 2017, by the late Honorable Richard P. Conaboy.[3] Judge Conaboy dismissed some claims as procedurally defaulted and denied other claims on the merits.[4] The United States Court of Appeals for the Third Circuit denied Glover's request for a certificate of appealability,[5] and the Supreme Court of the United States denied *certiorari* on May 14, 2018.[6]

Glover, however, has continued to file various motions in this Court, attempting to reopen his habeas proceedings or raise additional claims.[7] In May 2021,[8] Glover filed the instant *pro se* Rule 60(b)(6) motion, and then in December 2021 filed a counseled "supplemental" Section 2254 petition raising two grounds for relief. The following month, counsel withdrew the second claim in the supplemental habeas petition.[9] In May 2022, Glover, through counsel, requested an evidentiary hearing.[10] The Court will briefly explain why Glover's filings do not merit relief.

As to the Rule 60(b)(6) motion, Glover has not made the requisite showing to warrant this extraordinary remedy. Federal Rule of Civil Procedure 60(b)(6)

---

[3] Docs. 45, 46.
[4] *See* Doc. 45 at 4-19.
[5] Doc. 52.
[6] *Glover v. Lane*, 138 S. Ct. 1991 (2018) (mem.).
[7] *See, e.g.*, Docs. 53, 54, 56, 57, 59-64, 66, 68.
[8] Glover previously filed an identical Rule 60(b)(6) motion in February 2021, but that motion was denied as premature. *See* Doc. 65 at 2.
[9] Doc. 69 ¶¶ 23-24.
[10] Doc. 70.

permits a court to grant relief from a final judgment or order "for any other reason that justifies relief" other than the reasons listed elsewhere in Rule 60(b).[11]  Relief under Rule 60(b)(6) should be granted in only "*extraordinary circumstances* where, without such relief, an extreme and unexpected hardship would occur."[12]  In the habeas context, Rule 60(b) motions cannot be used to circumvent the AEDPA's statutory restrictions for filing second or successive habeas petitions.[13]  Thus, Rule 60(b) motions that bring new claims or "attack the federal court's previous resolution of a claim on the merits" are not true Rule 60(b) motions but are instead disguised second or successive habeas petitions.[14]

    Glover appears to argue that he is not bringing new claims and can satisfy Rule 60(b)(6)'s stringent demands.  He contends that he has newly discovered evidence that would meet the "actual innocence" gateway requirements in *McQuiggin v. Perkins*.[15]  This new evidence, Glover contends, would permit review of an "underlying procedurally defaulted claim" of ineffective assistance of counsel asserted in his original habeas petition.[16]

---

[11] FED. R. CIV. P. 60(b)(6); *Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014).
[12] *Cox*, 757 F.3d at 120 (emphasis added) (quoting *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993)); *see also Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005) (noting that relief under Rule 60(b)(6) demands a showing of "extraordinary circumstances").
[13] *See Gonzalez*, 545 U.S. at 531-32.
[14] *Id.* (emphasis omitted).
[15] 569 U.S. 383 (2013).
[16] *See* Doc. 66 at 5.  Glover does not identify the "underlying procedurally defaulted claim" for which he seeks Rule 60(b)(6) relief.

The primary reason that Glover cannot meet Rule 60(b)(6)'s exacting standards is that he filed his motion almost two years after discovering the "new evidence"—an affidavit from Jonathan Cornish, dated June 20, 2019, that asserts that a witness at Glover's trial lied to procure a favorable prosecutorial deal for himself.[17] "[O]ne of the critical factors in the equitable and case-dependent nature of the 60(b)(6) analysis . . . is whether the 60(b)(6) motion under review was brought within a reasonable time[.]"[18] Glover has offered no explanation for why he waited nearly two years—until February 2021—to file his Rule 60(b)(6) motion, which cannot be considered a "reasonable time" under any metric.[19]

Moreover, it does not appear that Glover ever raised this claim in state court, which further undercuts his attempt to obtain Rule 60(b) relief.[20] Glover's lack of diligence, the long delay between learning of the information in the affidavit and filing a Rule 60(b)(6) motion, and his failure to exhaust other available avenues of relief militate strongly against granting Rule 60(b)(6) relief. The Court additionally notes that Glover's motion does not implicate a post-judgment change in law, which is often a weighty factor in Rule 60(b)(6) determinations.[21]

---

[17] *See* Doc. 73 at 3.
[18] *Cox*, 757 F.3d at 115-16.
[19] Although Glover filed a third PCRA petition in state court and was attempting to exhaust that petition in 2019 and 2020, the Cornish affidavit was not part of that third petition. *See Commonwealth v. Glover*, 253 A.3d 317, 2021 WL 1627218, at *2 (Pa. Super. Ct. Apr. 27, 2021) (table) (nonprecedential).
[20] *See Cox*, 757 F.3d at 126 ("Where a movant has not exhausted available avenues of review, a court may deny relief under Rule 60(b)(6)." (citation omitted)).
[21] *See Satterfield v. Dist. Attorney Phila.*, 872 F.3d 152, 162 (3d Cir. 2017).

Even assuming Glover could make the extraordinarily difficult showing of actual innocence under *McQuiggin*,[22] which is unlikely,[23] he cannot establish that at least one of the defaulted ineffective-assistance claims has merit.[24] This fact further frustrates his Rule 60(b)(6) argument because "[a] court need not provide a remedy under 60(b)(6) for claims of dubious merit that only weakly establish ineffective assistance by trial or post-conviction counsel."[25]

The gravamen of the first procedurally defaulted Sixth Amendment claim is that Glover's trial counsel was ineffective for failing to object to the admission of cellular telephone site data evidence from a phone belonging to Karen Gadson.[26] In his original habeas petition, Glover claimed the evidence was obtained in

---

[22] The gateway actual innocence standard requires "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Reeves v. Fayette SCI*, 897 F.3d 154, 161 (3d Cir. 2018) (quoting *McQuiggin*, 569 U.S. at 386, 392). The petitioner must "persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Satterfield*, 872 F.3d at 163 (alteration in original) (quoting *McQuiggin*, 569 U.S. at 386, 399).

[23] It is doubtful that Glover can satisfy the *McQuiggin* actual innocence standard through Cornish's affidavit. As with the Rule 60(b)(6) analysis, "[u]nexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing" of actual innocence. *McQuiggin*, 569 U.S. at 399. Furthermore, while McCauley's alleged statements to Cornish 14 years after the crime—if true—may demonstrate that McCauley testified untruthfully, they do not unequivocally exonerate Glover. According to the affidavit, McCauley claimed that "he knew Justin Glover could not have possession of" a particular inculpatory cell phone, but such vague statements do not cast doubt on the jury verdict such that the *McQuiggin* standard is satisfied.

[24] To show a Sixth Amendment violation for ineffective assistance of counsel, a petitioner must demonstrate that (1) his attorney's conduct was "deficient," *i.e.*, fell below an objective standard of reasonableness; and (2) the deficient conduct prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

[25] *Cox*, 757 F.3d at 124-25.

[26] Doc. 1 at 5; Doc. 1-1 at 14-24. Karen Gadson is Glover's mother. *See* Doc. 1-1 at 15; Doc. 45 at 3 n.2.

violation of his Fourth and Fourteenth Amendment rights because the court order used to secure the cellphone site data was actually issued a month *after* police acquired the records from the cellphone service provider.[27] He further argued that the duration of the cell-site location information obtained by police moved the search beyond the statutory "court order" realm into the Fourth Amendment zone requiring a warrant based on probable cause.[28] Glover maintained that his trial counsel was ineffective for failing to raise these arguments to suppress the cell-site location data.

    The fatal flaw with this claim is that the cellphone was not Glover's, so he lacked Fourth Amendment "standing"—that is, a legitimate expectation of privacy—to assert a constitutional violation to attempt to suppress the evidence.[29] Glover admits that Gadson was the subscriber for the cellphone in question.[30] The Court further observes that it was not until 2018—ten years *after* Glover's trial—that the Supreme Court of the United States held that cell-site location information is generally protected under the Fourth Amendment and requires a warrant

---

[27] Doc. 1-1 at 17.
[28] *Id.* at 21-23.
[29] *See United States v. Mosley*, 454 F.3d 249, 253 n.5 (3d Cir. 2006) ("The 'standing' inquiry, in the Fourth Amendment context, is shorthand for the determination of whether a litigant's Fourth Amendment rights have been implicated."); *see also Byrd v. United States*, __ U.S. __, 138 S. Ct. 1518, 1530 (2018) (explaining that Fourth Amendment standing is "useful shorthand" for having a "cognizable Fourth Amendment interest" in the place or thing searched but "should not be confused with Article III standing").
[30] Doc. 1-1 at 14-15.

supported by probable cause.[31]  It can hardly be said that Glover's trial counsel was deficient for failing to raise a Fourth Amendment suppression argument for a right that had yet to be established and for a search in which Glover lacked Fourth Amendment "standing" to contest.  Because Glover cannot demonstrate the first *Strickland* prong—deficient conduct—for at least one of the defaulted ineffective-assistance claims, the Court "need not provide a remedy under 60(b)(6)" for it.[32]

Glover's supplemental habeas petition requires less discussion.  In that petition, Glover attempts to reassert a claim of ineffective assistance of trial counsel.[33]  He contends that trial counsel was ineffective for failing to impeach one of the Commonwealth's key witnesses—Abdul McCauley—about favorable treatment McCauley received from the Commonwealth in exchange for his trial testimony.  This claim appears to have been raised in his original habeas petition,[34] but determined to be procedurally defaulted.[35]

Glover cannot file another Section 2254 habeas petition in this Court without authorization from the United States Court of Appeals for the Third Circuit.[36]  Without such authorization, this Court does not have subject matter jurisdiction to

---

[31] *See generally Carpenter v. United States*, __ U.S. __, 138 S. Ct. 2206 (2018).  Even the circuit court case that Glover cited in support of his ineffectiveness argument post-dates his trial.  *See, e.g.*, Doc. 1-1 at 25 (citing *United States v. Maynard*, 615 F.3d 544 (D.C. Cir. 2010)).

[32] *Cox*, 757 F.3d at 124-25.

[33] As noted above, although the supplemental Section 2254 petition contained two grounds for relief, Glover subsequently withdrew the second claim.  *See* Doc. 69.

[34] *See* Doc. 1-1 at 41-44.

[35] Doc. 45 at 4-9.

[36] *See* 28 U.S.C. § 2244(b)(3)(A).

entertain his second or successive habeas petition.[37] Thus, as jurisdiction is lacking, the Court must dismiss or transfer the petition.[38]

Because Glover is represented by counsel, the Court declines to transfer the counseled petition to the Court of Appeals. Rather, if Glover and his attorney see fit, they may apply for authorization from the Third Circuit to file a second or successive habeas corpus petition in this Court. After all, Glover appears to be asserting that "the factual predicate for the claim [involving the Cornish affidavit] could not have been discovered previously through the exercise of due diligence[,] and the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found [Glover] guilty of the underlying offense."[39]

**AND NOW**, upon consideration of the foregoing, **IT IS HEREBY ORDERED** that:

1. Glover's *pro se* motion (Doc. 66) for relief under Federal Rule of Civil Procedure 60(b)(6) is **DENIED**.

2. Glover's "supplemental" Section 2254 petition, which is a second or successive petition for a writ of habeas corpus under 28 U.S.C. §

---

[37] *See Burton v. Stewart*, 549 U.S. 147, 157 (2007). To the extent that an identical claim was already raised in a previous petition, 28 U.S.C. § 2244 likewise requires the claim to be dismissed. *See* 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.").
[38] *Burton*, 549 U.S. at 157; *Benchoff v. Colleran*, 404 F.3d 812, 820-21 (3d Cir. 2005).
[39] 28 U.S.C. § 2244(b)(2)(B).

        2254, is **DISMISSED** without prejudice to Glover's right to seek authorization from the United States Court of Appeals for the Third Circuit to file a second or successive Section 2254 petition in this Court.

3. A certificate of appealability shall not issue, as Glover has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

                                      BY THE COURT:

                                      *s/ Matthew W. Brann*
                                      Matthew W. Brann
                                      Chief United States District Judge