# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JUSTIN GLOVER,

        Petitioner,

    v.

THOMAS MCGINLEY,

        Respondent.

No. 3:14-CV-01800

(Chief Judge Brann)

## MEMORANDUM OPINION & ORDER

### NOVEMBER 22, 2024

Petitioner Justin Glover returns to this Court, again seeking to challenge his 2008 state-court conviction and sentence of life imprisonment for homicide and related offenses.  This time, Glover has filed a *pro se* motion[1] under Federal Rule of Civil Procedure 60(d)(3) to set aside a judgment for alleged "fraud on the court."[2]  Glover cannot satisfy Rule 60(d)(3)'s demanding requirements, so the Court will deny his motion.

Glover's original Section 2254 petition was denied in August 2017 by the late Honorable Richard P. Conaboy.[3]  Judge Conaboy dismissed some of Glover's habeas claims as procedurally defaulted and denied others on the merits.[4]  The United States Court of Appeals for the Third Circuit denied Glover's request for a

---

[1]   Doc. 91.
[2]   *See* FED. R. CIV. P. 60(d)(3).
[3]   Docs. 45, 46.
[4]   *See* Doc. 45 at 4-19.

certificate of appealability,[5] and the Supreme Court of the United States denied

*certiorari* on May 14, 2018.[6]

Glover, however, has continued to file various petitions and motions in state

and federal court, unsuccessfully attempting to reopen his habeas proceedings or

raise additional post-conviction claims.[7]  Most recently, in 2021, Glover filed a *pro*

*se* Rule 60(b)(6) motion[8] and a counseled "supplemental" Section 2254 petition[9] in

this Court.  The Court denied Glover's Rule 60(b)(6) motion and dismissed his

"supplemental" Section 2254 petition for lack of subject matter jurisdiction.[10]

Glover appealed the denial of his Rule 60(b)(6) motion and, in October 2023, the

Third Circuit affirmed this Court's denial.[11]

Wasting no time, Glover immediately filed another Rule 60 motion in this

Court seeking to reopen his habeas proceedings and ultimately attack his 2008

state-court conviction.  This time, Glover contends that he is asserting an

independent action alleging "fraud upon the court."[12]  Glover alleges that the

Commonwealth of Pennsylvania committed fraud on this Court by intentionally

---

[5]   *See* Doc. 52.

[6]   *Glover v. Lane*, 138 S. Ct. 1991 (2018) (mem.).

[7]   *See, e.g.*, Docs. 53, 54, 56, 57, 59-64, 66, 68.

[8]   Doc. 66.

[9]   Doc. 68.

[10]  *See generally* Doc. 74.

[11]  *See generally* Doc. 80-1; Doc. 81.

[12]  *See generally* Doc. 91.  Although Glover posits that he is asserting an "independent action," which would implicate Federal Rule of Civil Procedure 60(d)(1), *see United States v. Foy*, 803 F.3d 128, 134 n.4 (3d Cir. 2015), he is actually seeking to set aside a judgment for "fraud on the court" under Rule 60(d)(3).

"altering four pages" of the state-court trial transcript that contained testimony from Laura Pawlowski, a forensic biologist employed by the Baltimore Police Department.[13]  Glover contends that the Commonwealth "edited and changed relevant portions of the notes of testimony to make it appear [that] the victim[']s blood was found on ductwork allegedly recovered from" his co-defendant's house in Harrisburg.[14]  Glover asserts that Pawlowski actually testified at trial that "the victim's blood was 'not' found on the ductwork or anywhere in" his co-defendant's residence.[15]  He maintains that the purportedly altered transcript deceived this Court and resulted in the denial of one of his habeas claims asserting "improper jurisdiction."[16]

Establishing fraud upon the court under Federal Rule of Civil Procedure 60(d)(3) requires a litigant to meet a "necessarily demanding" standard of proof.[17] The litigant alleging fraud must prove: "(1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court."[18]  Fraud upon the court may be justified only by "the most egregious misconduct directed to the court itself," and it "must be supported by clear, unequivocal and convincing evidence."[19]

---

[13]  Doc. 91 at 6, 7.
[14]  Doc. 93 at 1.
[15]  Doc. 91 at 6.
[16]  *Id.* at 7-13.
[17]  *Herring v. United States*, 424 F.3d 384, 386 (3d Cir. 2005).
[18]  *Id.*
[19]  *Id.* at 387 (citation omitted).

Glover cannot meet this demanding standard.  First, and most importantly, Glover has not offered "clear, unequivocal[,] and convincing evidence" for his assertion that the trial transcript was intentionally altered by the prosecution.  The only evidence Glover has proffered for this grave accusation is deposition testimony from Pawlowski in a different legal matter.  In that deposition, Pawlowski testified that her report "stated that blood was *indicated* on the ductwork," not that it *was* blood.[20]  Notably, when shown pages 522 and 523 of the 2008 trial transcript—two of the pages that Glover contends were fraudulently "altered"—Pawlowski actually confirmed that the transcript accurately portrayed her trial testimony.[21]  Furthermore, this Court's review of the transcript pages to which Glover cites[22] (pages 522 through 525), reflect that Pawlowski testified that blood was "*indicated* on that piece of ductwork," not that it was confirmed as blood or as the victim's blood.[23]  Accordingly, there is simply no evidence that the trial transcript was intentionally "altered" by the Commonwealth such that fraud was committed.  For this reason alone, Glover's Rule 60(d)(3) motion fails.

---

[20]  *See* Doc. 96-1 at 5-6.

[21]  *Id.* at 6-7; *see also* Doc. 17-18 at 22-23 (pages 522 and 523 of 2008 trial transcript).

[22]  *See* Doc. 91 at 8.

[23]  Doc. 17-18 at 22-25 (emphasis added).  At trial, Julie Kowalewski—a DNA analyst—testified that she had performed DNA testing on swabs taken from the at-issue ductwork and confirmed that DNA from the ductwork matched the comparator sample DNA taken from the victim.  *See* Doc. 17-18 at 29-37 (trial transcript pages 529 through 537).

Second, in Judge Conaboy's memorandum opinion denying Glover's

Section 2254 petition, the Court resolved the at-issue habeas claim alleging

"improper jurisdiction" by holding as follows:

> Ground Four clearly lacks merit since *ample forensic evidence*
> presented by the Commonwealth sufficiently established that the victim
> was killed in the basement of a home in Harrisburg which was owned
> by Glover's co-defendant. Accordingly, since Petitioner has not
> provided clear and convincing facts showing that the murder did not
> occur in Dauphin County, the state court's exercise of jurisdiction will
> not be overturned.[24]

As is readily apparent from the foregoing rationale, the Court did not specifically

rely on the trial transcript, Pawlowski's testimony, or any particular assertion in the

Commonwealth's briefing. Rather, after providing the legal standard for granting

habeas relief based on state-court findings of fact,[25] the Court determined that

Glover had not proffered "clear and convincing" evidence that the state court's

determination on this jurisdictional claim was an unreasonable determination of the

facts in light of the evidence presented at trial.[26]

The state court's determination on this claim, in fact, relied on much more

than the ductwork to tie the murder of the victim (whose body was discovered in

Maryland) to Harrisburg. Specifically, the trial court—in its recitation of the

relevant facts—noted (1) "remnants of drywall, drywall screws, plastic and other

---

[24] Doc. 45 at 15 (emphasis added).
[25] *See* 28 U.S.C. § 2254(d)(2), (e)(1).
[26] *See* Doc. 45 at 14-15.

construction debris" found near the body of the victim, and that Glover's co-defendant's house in Harrisburg was being renovated; (2) "paint chips" found near the victim's body that were "chemically, elementally, and microscopically consistent" (or "originating from a common source") with paint chips collected from Glover's co-defendant's house; and (3) antiquated plaster made from animal hair found near the victim's body that was "chemically, elementally, and microscopically consistent" with plaster from Glover's co-defendant's house.[27] Additionally, Glover's cellular telephone records tracked his cell phone traveling south from Harrisburg to Maryland during the approximate time of the murder.[28]

Thus, even assuming *arguendo* that the transcript of Pawlowski's trial testimony was somehow "altered" by the Commonwealth—which Glover has not proven and which Pawlowski expressly denied—Glover has not established that the purported fraud deceived this Court.  Furthermore, Glover's argument demonstrates that—if fraud had been perpetrated—it was directed at the state courts and not *this* Court.  After all, Glover initially raised the jurisdictional challenge to his conviction in the trial court and then renewed that challenge on direct appeal,[29] and that is where the trial transcript and Pawlowski's testimony was first presented to any judicial body.

---

[27] *See* Doc. 17-5 at 4-6.
[28] *See id.* at 5.
[29] *See* Doc. 17-5 at 15; Doc. 17-6 at 7.

Glover thus fails to establish three out of the four elements of a claim asserting fraud on the court. His Rule 60(d)(3) motion is wholly meritless and will therefore be denied.

**AND NOW**, upon consideration of the foregoing, **IT IS HEREBY ORDERED** that:

1. Glover's motion (Doc. 91) to set aside a judgment pursuant to Federal Rule of Civil Procedure 60(d)(3) is **DENIED**.

2. Glover's motion "to expand the record" (Doc. 90) is **DISMISSED** as moot in light of paragraph 1 above.

3. Glover's motion "for discovery" (Doc. 92) is **DISMISSED** as moot in light of paragraph 1 above.

4. In the event that a certificate of appealability is required to appeal in this matter, a certificate of appealability shall not issue, as Glover has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge